UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

Plaintiff

v.

Quneil Gaston,

Defendant

Case No. 2:20-cr-00090-CDS-VCF-3

**Order Granting Defendant's Motions for Appointment of Counsel, Leave to File Under Seal, and Unopposed Motion for Early Termination**

[ECF Nos. 151, 152, 154]

Quneil Gaston began a three-year term of supervised release after completing a fifty-one-month sentence.[1] J., ECF No. 121. He now moves for the appointment of counsel, for leave to file his financial affidavit under seal, and for early termination of his supervised release. ECF Nos. 151, 152, 154. Because Gaston has demonstrated an inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal.[2] Further, because I find Gaston is not only qualified for, but demonstrates entitlement to early termination of his supervised release, his unopposed motion for that relief is granted.

**I. Gaston is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation." LCR 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964). Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility." CJA at 7–8. Gaston's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed, so I grant the request to appoint counsel.

[1] Gaston pleaded guilty to two counts of conspiracy to commit interference with commerce by robbery, and six counts of interference with commerce by robbery, aiding and abetting. ECF No. 121.

[2] The court notes that sealings are under Local Rule IA 10-5.

**II. Gaston's financial affidavit will remain sealed.**

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Nonetheless, access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1175 (9th Cir. 2006). A defendant seeking free appointed counsel has the burden of proof to establish financial status. *United States v. Schmitz*, 525 F.2d 793 (9th Cir. 1975). Therefore, Gaston requests to maintain the seal on the personal financial affidavit used in support of his request for counsel. Other courts in the Ninth Circuit and in this district have recognized that traditional sealing standards do not apply to financial affidavits because they are administrative in nature. *United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *see also United States v. Watson*, 2025 U.S. Dist. LEXIS 47405, *3 (D. Nev. Mar. 13, 2025). I agree with this reasoning and adopt it here. Because Gaston's affidavit contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

**III. Gaston's unopposed motion for early termination of his supervised release is granted.**

Title 18, United States Code, Section 3583(e)(1) provides that a court may, after consideration of the factors set forth in 18 U.S.C. § 3553, "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (noting that a district court has broad discretion to terminate a term of supervised release any time after the

first year of supervised release has been completed if it "is warranted by the conduct of the defendant released and the interest of justice"). The factors the court should consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Further, there is a presumption in favor of early termination for a defendant who has been on supervised release for at least eighteen months and (1) is not a career drug offender or career criminal and has not committed a sex offense or engaged in terrorism, (2) presents no identified risk of harm to the public, (3) has not committed any court-reported violations for twelve consecutive months, (4) demonstrates the ability to self-manage beyond the supervision period, (5) is in substantial compliance with his supervision conditions, and (6) "engages in appropriate prosocial activities and receives sufficient prosocial support" to conduct himself lawfully after supervision ends. Guide to the Judiciary Pol'y, vol. 8E, ch. 3, § 360.20(c), last updated Sept. 2024 (available to the federal judiciary only at https://www.uscourts.gov/sites/default/files/guide-vol08e.pdf).

To warrant termination, the defendant need not show undue hardship, changed circumstances, or even exceptionally good behavior. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). But the defendant does carry the burden to show that, on balance, the relevant sentencing factors weigh in favor of termination. *Id.* Finally, when denying or granting a motion for early termination of supervised release, the court must provide an explanation that is

"sufficiently detailed to permit meaningful appellate review" and "state[s] the court's reasons for rejecting nonfrivolous arguments." *Emmett*, 749 F.3d at 821.

Gaston has demonstrated that early termination is appropriate. As set forth in the unopposed motion, Gaston has taken tremendous strides in rehabilitating since his release from custody. Not only did he obtain steady employment, but he also excelled at work, first earning a promotion and later being recognized as Employee of the Month. Moreover, Gaston has worked to create a happy, stable, and healthy familial life, maintaining close relationships with his mother, brother, and until his unfortunate passing, his grandfather.

While Gaston's road to termination has not been perfect, his actions when he faced a presumptive positive drug test demonstrate he has the skills to manage the unexpected: he accepted responsibility and acted in accordance with Probation's requirement to ensure there were no additional violations or issues. Moreover, during his term of supervision, Gaston completed substance abuse and mental health counseling. For these reasons, I find early termination is warranted here. The court is proud of Gaston and wishes continued success, health, and happiness.

## IV. Conclusion

IT IS THEREFORE ORDERED that Gaston's motion for appointment of counsel **[ECF No. 151],** motion for leave to file under seal **[ECF No. 152]**, and motion for early termination of supervised release **[ECF No. 154] are GRANTED**. The Clerk of Court is directed to maintain the seal on ECF No. 153.

Dated: August 22, 2025

_______________________________
Cristina D. Silva
United States District Judge